UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:26-CR-081-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| Steven Lumpkins, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 20 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Steven Lumpkins's guilty plea and adjudge him guilty of the single Count and the forfeiture allegation of the Indictment. *See* DE 1 (Indictment); *see also* DE 21 (Recommendation); DE 19 (Plea Agreement). Judge Ingram expressly informed Lumpkins of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 21 at 3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver

and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

Lumpkins is currently out on bond. *See* DE 20 at 2 (Minute Entry). His conviction does not implicate mandatory detention under 18 U.S.C. § 3143(a)(2). *See* DE 19.

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 21, **ACCEPTS** Lumpkins's guilty plea, and **ADJUDGES** Lumpkins guilty of the single Count and the forfeiture allegation of the Indictment. The Court, per the plea agreement and recommendation, finds Lumpkins's interest in the property identified in the indictment properly forfeitable and preliminarily orders forfeiture as to that interest in such property. The Court will address forfeiture status at sentencing, per Rule 32.2, and intends the preliminary order to become final as part of the sentence in the case.
2. The Court will issue a separate sentencing order.[1]

This the 10th day of November, 2026.

**Signed By:**
***Robert E. Wier*** REW
**United States District Judge**

[1] At the hearing, Judge Ingram permitted Lumpkins to remain on bond under the conditions of release as previously imposed. *See* DE 20; DE 11 (Conditions). This was his status pretrial. *See* DE 6; 8. The United States has not moved for detention, and the Court finds the sec. 3143(a)(1) release standard, pre-sentencing, met. Absent an intervening order, Lumpkins will remain on bond pending sentencing.